United States District Court
Southern District of Texas

**ENTERED**

December 05, 2016

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS RAY ETHEL, | § | |
| (TDCJ-CID #1209026) | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION NO. H-16-1763 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Dennis Ray Ethel, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging two state felony convictions. The respondent moved for summary judgment on the ground that Ethel filed the petition too late and that two grounds are meritless. (Docket Entry No. 22). The respondent also filed a copy of the state court record. Ethel filed a response. (Docket Entry No. 23).

Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment dismissing this case. The reasons are set out below.

### I.    Background

A jury found Ethel guilty of two counts of aggravated robbery in Cause Numbers 15,014 and 15,016. On January 14, 2004, the jury sentenced Ethel to 92 years in prison on each count, to be served concurrently. Ethel appealed, and the Fourteenth Court of Appeals affirmed on August 16, 2005. Ethel did not file a petition for discretionary review. He filed two applications for state habeas corpus relief on October 16, 2006, which the Texas Court of Criminal Appeals denied

without written order on September 22, 2010. (Docket Entry No. 19-20, p. 27; Docket Entry No. 21-5, p. 27). He filed two more applications for state habeas corpus relief on March 13, 2010, (Docket Entry No. 21-6, p. 28; Docket Entry No. 21-7, p. 25), which the Texas Court of Criminal Appeals also denied without written order on September 22, 2010, (Docket Entry No. 21-6, p. 2; Docket Entry No. 21-7, p. 2). He filed two additional applications for state habeas corpus relief on December 16, 2015, (Docket Entry No. 21-9, p. 33; Docket Entry No. 21-11, p. 31), which the Texas Court of Criminal Appeals dismissed as successive applications on March 9, 2016, (Docket Entry No. 21-8, p. 1; Docket Entry No. 21-10, p. 1).

On June 17, 2016, this court received Ethel's federal petition. The petition was filed when Ethel gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court presumes that Ethel put his federal petition in the prison mail on the date he signed it, June 13, 2016. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Ethel contends that his convictions are void on the following grounds:

1.   Trial counsel rendered ineffective assistance by:[1]

    a.   failing to investigate;

    b.   failing to cross-examine witnesses Rob Bailey and Calvin Harris;

    c.   failing to investigate and present Ethel's alibi; and

    d.   failing to present the details of Harris's interview to the jury.

2.   The prosecution committed error by:

    a.   failing to tell the defense that witness Harris had pending criminal charges;

    b.   relying on a false statement by witness Bailey; and

---

[1]In the interest of clarity, the court has renumbered and reorganized the grounds.

      c.        failing to tell the defense the details of witness Harris's arrest and bond release.

3.      The trial court abused its discretion by denying the defense's motion for continuance.

4.      During state habeas proceedings:

      a.        the Court of Criminal Appeals issued Findings of Fact and Conclusions of Law that violated 28 U.S.C. § 2254; and

      b.        Ethel was denied the right to develop material facts.

5.      The evidence is insufficient to support his convictions.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-14).

## II.   Discussion

### A.   Limitations
###      (Grounds 1, 2, 3, & 5)

The threshold issue is whether Ethel filed his petition too late to permit this court to consider his claims.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Ethel's convictions became final when the time expired for filing a petition for discretionary review in the Texas Court of Criminal Appeals.  The Fourteenth Court of Appeals affirmed Ethel's conviction on August 16, 2005, giving Ethel 30 days, or until September 15, 2005, to file a petition for discretionary review. § 2244(d)(1)(A); TEX. R. APP. P. 68.2(a).  The one-year limitations period ended on September 15, 2006.  Ethel waited until June 13, 2016, before filing his federal petition.

A properly filed application for state postconviction relief extends the limitations period.  28 U.S.C. § 2244(d)(2) (West 1997).  Ethel's state habeas applications did not toll the limitations period because he filed the petitions after September 15, 2006, when the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Ethel argues that the limitations period should not begin to run until July 2, 2015, when he received a copy of the affidavit from his trial counsel, Lovett Boggess, submitted to the state habeas court.  Ethel states that Boggess's affidavit set out what witness Harris had told the defense investigator during a recorded 30-minute interview.  On September 2, 2015, Ethel received his habeas case file from his state habeas attorney.  The file included Harris's booking sheet.  Ethel argues that his trial counsel should have used the information in the booking sheet to impeach Harris

and show that he had made a deal with the prosecution to have the pending felony charges against him reduced to a misdemeanor after he testified at Ethel's trial. Ethel argues that his counsel failed to cross-examine Harris on this deal.

In his affidavit to the state habeas court, counsel testified as follows:

> Mr. Harris was brought into the courtroom pursuant to a Writ of Attachment filed by the State. He was physically escorted by armed officers in leg irons and handcuffs into the courtroom. He remained restrained in the jury's presence. (CRR Vol 3 - pp 73). His demeanor was antagonistic and combative. He testified with an armed officer standing behind him. The State asked one question of substance of Mr. Harris and passed him. They managed to illicit from that question that, during a jailhouse conversation, Mr. Ethel allegedly admitted robbing the victims. On cross examination, I again pointed out that Mr. Harris was in jail when this alleged conversation occurred (implying he had a criminal history). I felt that, due to Mr. Harris' combative attitude and unpredictable demeanor in the courtroom, asking him additional questions would most likely expose Mr. Ethel to testimony that would be significantly more damaging than that already before the jury.

(Docket Entry No. 22-3, pp. 3-4).

Ethel states that he learned about what happened in the interview between the investigator and Harris through an affidavit his trial counsel filed in the state habeas court. Counsel filed his affidavit on March 3, 2009. In July 2015, Ethel requested a copy of his case file from his trial counsel and received the affidavit as part of the file. The record shows that at the trial, Ethel learned of Harris's custodial status and defense counsel's failure to cross-examine him on his criminal history. Ethel does not explain why he waited six years after state habeas relief was denied to ask his counsel for the file. (Docket Entry No. 2, pp. 32-33). Ethel waited over nine years after his conviction and sentencing to file this federal habeas petition. Ethel has not shown that he could not have discovered the factual predicate of his claims or this evidence earlier through the exercise of due diligence.

To the extent Ethel's argument on trial counsel is viewed under 28 U.S.C. § 2244(d)(1)(D), the date of Ethel's actual discovery is not the relevant. Rather, the issue is the date on which due diligence would have led to the discovery. *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" an event has occurred or he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). The record shows that Ethel failed to act with the diligence needed to begin the limitations period on the actual-discovery date. Section 2244(d)(1)(D) is unavailable.

Additionally, Ethel's contention of what constitutes the factual predicate of his claim has been rejected by the Fifth Circuit in *Flanagan v. Johnson,* 154 F.3d 196, 201-02 (5th Cir. 1998). In *Flanagan*, the petitioner argued that the one-year limitations period did not begin until he was able to get trial counsel's affidavit supporting the claim that he had not been informed of his right not to testify. The Fifth Circuit concluded that the lawyer's affidavit formed no part of the factual predicate of Flanagan's claim. Flanagan knew that he was called to testify and did not know he had the right to refuse long before the lawyer's affidavit was obtained. The Fifth Circuit explained:

> Flanagan is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of his claim. . . . Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.

*Id.*

Similarly, Ethel did not have to wait until he received the file from his trial counsel to pursue his claim that counsel provided ineffective assistance and that he was actually innocent.

Ethel too is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim. Ethel knew he was innocent at the time

of trial and the guilty verdict.  The state habeas file provided is evidence of a factual predicate that Ethel knew.  His contention that the one-year statute of limitations did not begin to run until after he received the habeas file is without merit.  Section 2244(d)(1)(D) is not a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim.  *Flanagan,* 154 F.3d at 199.

The one-year limitations period in § 2244(d) is subject to equitable tolling in appropriate cases.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  The record does not disclose a basis to apply equitable tolling.  *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling because these alleged impediments to filing a federal petition were removed six months before the limitations period ended), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process and lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).  Ethel's delay in filing his state habeas applications also weighs against tolling.  *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).  Ethel may not rely on the fact that he is representing himself to excuse his delay in filing this petition.  *Felder v. Johnson,* 204 F.3d at 171; *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).  Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations.  *Pro se* litigants are the rule, not the exception, in § 2254 suits.  *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).

The record does not indicate that any unconstitutional state action prevented Ethel from filing an application for federal habeas relief before the deadline. 28 U.S.C. § 2244(d)(1)(B).  Ethel's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Ethel's claims relate to the trial that occurred on January 14, 2004, and Ethel has not shown that he did not know of the factual predicate of his claims at the time of trial.  28 U.S.C. § 2244(d)(1)(D).

## III.    The Remaining Claims Based on Errors in the State Habeas Proceedings (Ground 4)

One claim is not barred by the delay.  Ethel alleges that the state habeas court made improper Findings of Fact and Conclusions of Law and denied him the right to develop material facts.  The infirmities in state habeas proceedings on habeas review that Ethel alleges are not grounds for habeas relief in federal court. *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir.), *cert. denied,* 118 S. Ct. 576 (1997); *see Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Morris v. Cain,* 186 F.3d 581, 585 n.6 (5th Cir. 1999).  Ethel has not asserted an error in the state habeas proceeding affecting the deference due the state court's findings in the habeas proceedings.  Ethel has not shown a basis for granting habeas relief.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Ethel's first, second, third, and fifth grounds are untimely and that Ground 4 lacks merit. The respondent is entitled to judgment as a matter of law.

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 22), is granted. Ethel's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. Ethel's motion for evidentiary hearing (Docket Entry No. 24), and motion for the appointment of counsel (Docket Entry No. 25), are denied as moot. All remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). A petitioner makes a substantial showing when he demonstrates that his petition involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Ethel has not made the showing, and a certificate of appealability is not issued.

SIGNED on December 5, 2016, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge